■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD DUNN, Appellant. [705 NYS2d 376] —Appeal by the defendant, as limited by his brief, from so much of a judgment of the County Court, Dutchess County (Dolan, J.), rendered March 1, 1999, as, upon convicting him of robbery in the first degree, upon his plea of guilty, imposed a sentence which, *inter alia,* directed him to pay restitution.

Ordered that the judgment is reversed insofar as appealed from, the sentence is vacated, and the matter is remitted to the County Court, Dutchess County, for resentencing in accordance herewith.

The court sentenced the defendant, as promised, to an indeterminate term of imprisonment of 9 to 18 years and imposed a $150 surcharge and a $5 criminal victim's assistance fee. After the negotiated sentence was imposed, the prosecutor sought restitution based on the mistaken belief that the defendant's accomplices had been ordered to pay restitution. Although not part of the negotiated sentence, the court ordered the defendant to pay restitution in an amount to be agreed upon by the parties or fixed pursuant to a hearing. In light of the restitution order, the court waived "court costs". The People failed to seek the restitution hearing within the time imposed by the court.

On appeal, the defendant claims that the matter should be remitted to the County Court for resentencing so that the court can clarify the sentence to be imposed. We agree. It is unclear what the County Court intended when it waived "court costs" upon directing the defendant to pay restitution. Since the People did not pursue restitution and now concede that restitution is not warranted, upon remittitur, the County Court should resentence the defendant in accordance with the terms of the plea agreement. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.